IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| LISA WEILER, | ) 1:21-CV-303-RAL |
| Petitioner | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| v. | ) |
| | ) MEMORANDUM OPINION ON |
| SUPERINTENDENT OVERMYER, | ) PETITION FOR WRIT OF HABEAS |
| | ) CORPUS |
| Respondent | ) |

I.  Introduction

Petitioner Lisa Weiler, an inmate formerly in the custody of the Pennsylvania Department of Corrections, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 6. Petitioner filed an Amended Petition on March 2, 2023. ECF No. 21. In each filing, Petitioner was challenging a decision issued by the Pennsylvania Board of Probation and Parole denying her parole. *Id.* Because it appears that Petitioner was subsequently granted parole and released from incarceration, her petition will be denied as moot.

II.  Background

On August 28, 2015, the Court of Common Pleas of Berks County sentenced Petitioner to a sentence of 20 years incarceration after pleading guilty to aggravated assault and endangering the welfare of a child. Petitioner reached her minimum sentence and became eligible for parole on June 18, 2019. *Id.* The Parole Board denied parole on July 8, 2019, July 31, 2020, March 30,

1

2021, and June 6, 2022. At the time that she filed her Amended Petition, Petitioner was scheduled for another parole hearing on or around July 2023.

A search performed on the Pennsylvania Inmate Locator website on June 12, 2024, indicated that Petitioner is currently listed as a "parolee" rather than an "inmate" in the DOC's tracking system. Further investigation revealed that, while this habeas action was pending, the Parole Board granted parole and released Petitioner from custody on July 13, 2023. The Court may take judicial notice of these facts because the state court docket and the orders and filings entered therein are matters of public record. *See, e.g., Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 722 (3d Cir. 2013); *United States v. Hoffert*, 2018 WL 4828628, at *1 (W.D. Pa. Oct. 4, 2018) ("[A] court may take judicial notice of relevant prior court orders, including orders in other cases.") (citing *Mina v. United States Dist. Court for E. Dist. of Penn.*, 710 Fed. Appx. 515, 517 n. 3 (3d Cir. 2017)).

II.     Standard of review

A challenge to the denial of parole is cognizable under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254, rather than § 2241). On a habeas challenge to the denial of parole, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). Rather, "[t]he only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id.* at 944; *see also Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3d Cir. 1992).

III.    Analysis

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and <u>likely to be redressed by a favorable judicial decision</u>.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

In many habeas cases, the crucial issue with respect to mootness is whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. *Spencer*, 523 U.S. at 7. In other words, there still may be a case or controversy before the court – even if the injury that a complaining party seeks to remedy through litigation no longer exists – if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477); *Burkey*, 556 F.3d at 147-51. This is not the case, however, in the context of a parole denial. Rather, because the only relief that a court can grant in such circumstances is a new parole hearing, a subsequent hearing held by the Parole Board renders an inmate's challenge to the prior parole decision moot. *See, e.g., Henderson v. Brookes*, 2017 WL 6497358, at *2 (M.D. Pa. Dec. 19, 2017) ("Given that the

3

Board issued a decision on June 19, 2017 granting Henderson the relief sought in his petition, Henderson's petition challenging the Board's [prior] denials has been rendered moot."); *Alex v. Gavin*, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015) ("As noted, the only relief we can grant would be a new parole hearing and since Alex admits he received a new hearing . . . since the filing of his habeas petition, his challenge to the denials of parole before the March 2015 decision is now moot."); *Coles v. Folino*, 2014 WL 5685547(W.D. Pa. Nov. 14, 2014) ("Because the appropriate remedy in this case would be a new hearing before the Board, and because Petitioner has had a new hearing since the time he filed this petition, any claims challenging the denial of parole prior to [the most recent hearing] are moot.").

Applying these principles to the instant case, the Court concludes that this matter is indeed moot. Since the Parole Board granted parole and released Petitioner from state custody, there is no longer any habeas relief that this Court can provide. *See, e.g., Henderson*, 2017 WL 6497358, at *2; *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). As such, Petitioner's habeas petition should be dismissed, with prejudice, and this case marked closed.

IV.   Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not find it debatable whether Petitioner's claims have been rendered moot. Accordingly, a certificate of appealability will be denied.

Dated this 14th day of June, 2024.

BY THE COURT:

*[signature]*
RICHARD A. LANZILLO
Chief United States Magistrate Judge